# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Case No. _____ |
| RSP PERMIAN, INC., MICHAEL GRIMM, STEVEN GRAY, JOSEPH B. ARMES, SCOTT MCNEILL, KENNETH V. HUSEMAN, MATTHEW S. RAMSEY, MICHAEL S. WALLACE, CONCHO RESOURCES INC., and GREEN MERGER SUB INC., ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED<br><br>CLASS ACTION |
| Defendants. ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.  This action stems from a proposed transaction announced on March 28, 2018 (the "Proposed Transaction"), pursuant to which RSP Permian, Inc. ("RSP" or the "Company") will be acquired Concho Resources Inc. ("Parent") and Green Merger Sub Inc. ("Merger Sub," and together with Parent, "Concho").

2.  On March 27, 2018, RSP's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Concho. Pursuant to the terms of the Merger Agreement, RSP's stockholders

will receive 0.320 shares of Parent common stock for each share of RSP common stock they own.

3. On April 20, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of RSP common stock.

9. Defendant RSP is a Delaware corporation and maintains its principal executive offices at 3141 Hood Street, Suite 500, Dallas, Texas 75219. RSP's common stock is traded on

the NYSE under the ticker symbol "RSPP."

10. Defendant Michael Grimm ("Grimm") is Chairman of the Board and co-founder of RSP.

11. Defendant Steven Gray ("Gray") is a director, Chief Executive Officer, and co-founder of RSP.

12. Defendant Joseph B. Armes ("Armes") has served as a director of RSP since December 2013.

13. Defendant Scott McNeill ("McNeill") has served as a director of RSP since December 2013.

14. Defendant Kenneth V. Huseman ("Huseman") has served as a director of RSP since May 2015.

15. Defendant Matthew S. Ramsey ("Ramsey") has served as a director of RSP since January 2014.

16. Defendant Michael S. Wallace ("Wallace") has served as a director of RSP since January 2014.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation, and a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of RSP (the "Class"). Excluded from the Class are defendants herein and any person,

firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of March 27, 2018, there were approximately 159,424,290 shares of RSP common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

<u>**SUBSTANTIVE ALLEGATIONS**</u>

***Background of the Company and the Proposed Transaction***

27. RSP is an independent oil and natural gas company focused on the acquisition, exploration, development, and production of unconventional oil and associated liquids-rich natural gas reserves in the Permian Basin of West Texas.

28. The vast majority of RSP's acreage is located on large, contiguous acreage blocks in the core of the Midland and Delaware Basins, sub-basins of the Permian Basin.

29. On March 27, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Concho.

30. Pursuant to the terms of the Merger Agreement, RSP's stockholders will receive 0.320 shares of Parent common stock for each share of RSP common stock they own.

31. According to the press release announcing the Proposed Transaction:

Concho Resources Inc. (NYSE: CXO) and RSP Permian, Inc. (NYSE: RSPP) today announced they have entered into a definitive agreement under which Concho will acquire RSP in an all-stock transaction valued at approximately $9.5 billion, inclusive of RSP's net debt. The consideration will consist of 0.320 shares of Concho common stock for each share of RSP common stock. The transaction was unanimously approved by the board of directors of each company.

Highlights

•Large, highly-complementary acreage expands Concho's strategic portfolio in the Permian Basin to approximately 640,000 net acres

•Reinforces leadership position as the premier Permian pure-play company and creates the largest crude oil and natural gas producer from unconventional shale in the Permian Basin

•Combined company to run the largest drilling program in the Permian Basin with 27 rigs

•Meaningfully expands premium resource base

•Drives significant operational synergies through development optimization, shared infrastructure and capital efficiencies, with a present value of more than $2 billion

•Expect to realize over $60 million in annual corporate level savings

•Immediately accretive to key per-share metrics, including net asset value, earnings, cash flow and debt-adjusted growth

•Expect to maintain investment grade credit ratings

•Enhances Concho's three-year annualized production growth outlook within cash flow from operations . . .

The acquisition will add approximately 92,000 net acres that strongly complement Concho's existing acreage position in the Permian Basin. The combined position will cover more than 640,000 net acres. In fourth-quarter 2017, production on RSP's assets totaled approximately 55.5 thousand barrels of oil equivalent (Boe) per day on a two-stream basis, of which approximately 80% was crude oil and 20% was natural gas. The transaction adds 2.2 billion Boe of resource potential, of which more than two-thirds is premium resource.

The combined company will run the largest drilling and completion program in the Permian Basin. With a focused portfolio and substantial scale advantage, the benefits of this transaction are expected to drive corporate level savings and operational synergies by combining the complementary assets and the technical skills of both company's employees. Specific operational synergies include: asset optimization, directing capital to high-return manufacturing-style projects and utilizing shared infrastructure systems. The present value of corporate and operational synergies is expected to exceed $2 billion.

The acquisition is expected to be accretive in the first year to Concho's key per-share metrics, including net asset value, earnings, cash flow and debt-adjusted growth. In addition, the transaction is expected to enhance Concho's three-year outlook for annualized production growth on a capital program within cash flow from operations.

Transaction Details

Under the terms of the definitive merger agreement, shareholders of RSP will receive 0.320 shares of Concho common stock in exchange for each share of RSP common stock, representing consideration to each RSP shareholder of $50.24 per share based on the closing price of Concho common stock on March 27, 2018.
The consideration represents an approximately 29% premium to RSP's closing price of $38.92 on March 27, 2018. Upon closing of the transaction, Concho shareholders will own approximately 74.5% of the combined company, and RSP shareholders will own approximately 25.5%. The resulting capital structure is consistent with Concho's long-term strategy of maintaining a strong financial position.

The transaction, which is expected to be completed in the third quarter of 2018, is

subject to the approval of both Concho and RSP shareholders, the satisfaction of certain regulatory approvals and other customary closing conditions.

Upon closing, Concho's board will be expanded to 11 directors, to include one independent member of the RSP board. Concho will continue to be headquartered in Midland, Texas.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

32. On April 20, 2018, defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

33. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

34. The Registration Statement omits material information regarding RSP's financial projections, Concho's financial projections, and the valuation analyses performed by RSP's financial advisor in connection with the Proposed Transaction, Tudor, Pickering, Holt & Co. ("Tudor").

35. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) the line items used to calculate EBITDAX; (ii) unlevered free cash flow and the constituent line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

36. With respect to Concho's financial projections, the Registration Statement fails to disclose: (i) the line items used to calculate EBITDAX; (ii) unlevered free cash flow and the constituent line items; (iii) Concho's financial projections for years 2021 and 2022; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

37. With respect to Tudor's Net Asset Value Analysis, the Registration Statement fails to disclose: (i) unlevered free cash flows and the constituent line items; (ii) the inputs and assumptions underlying the discount rates applied by Tudor; (iii) Tudor's basis for assuming a tax rate of 21%; (iv) the present value of the cash flows generated by the estimated proved reserves,

unproved reserves, and undeveloped hydrocarbon resources; (v) the equity interest of Concho in midstream facilities; (vi) the value of future estimated effects of hedging; (vii) the value of future estimated effects of general and administrative expense and income taxes; and (viii) net debt.

38. With respect to Tudor's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the unlevered cash flows for RSP and Concho and the constituent line items; (ii) the equity interest of Concho in midstream facilities; (iii) the inputs and assumptions underlying the discount rates applied by Tudor; (iv) the estimated terminal values; and (v) RSP's and Concho's respective net debt.

39. With respect to Tudor's Comparable Company Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Tudor in the analysis.

40. With respect to Tudor's Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Tudor in the analysis.

41. With respect to Tudor's relative contribution analysis, the Registration Statement fails to disclose: (i) net debt; (ii) synergies; and (iii) the Wall Street consensus estimates used in the analysis.

42. With respect to Tudor's Illustrative Discounted Future Value analysis, the Registration Statement fails to disclose: (i) RSP's net debt; (ii) synergies; (iii) the inputs and assumptions underlying the discount rates applied by Tudor; (iv) projected pro forma EBITDAX; and (v) projected pro forma net debt.

43. With respect to Tudor's Precedent Premiums Paid analysis, the Registration Statement fails to disclose the transactions observed by Tudor as well as the premiums paid in such

transactions.

44. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45. The Registration Statement also fails to disclose whether the Company executed any confidentiality agreements that contained "don't ask, don't waive" provisions that prevented the counterparties from requesting waivers of standstill provisions to submit superior offers to acquire the Company.

46. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

47. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Recommendation of the RSP Board of Directors and Reasons for the Merger; and (ii) Opinions of Financial Advisors.

48. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to RSP's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and RSP**

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. RSP is liable as the issuer of these statements.

51. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

52. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

53. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

54. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

55. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

56. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Concho

57. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58. The Individual Defendants and Concho acted as controlling persons of RSP within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of RSP and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

59. Each of the Individual Defendants and Concho was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

60. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

61. Concho also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

62. By virtue of the foregoing, the Individual Defendants and Concho violated Section 20(a) of the 1934 Act.

63. As set forth above, the Individual Defendants and Concho had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: May 2, 2018 | **THE KENDALL LAW GROUP, PLLC** |
| | By: */s/Joe Kendall* |
| **OF COUNSEL:** | Joe Kendall |
| | Texas Bar No. 11260700 |
| **RIGRODSKY & LONG, P.A.** | jkendall@kendalllawgroup.com |
| 300 Delaware Avenue, Suite 1220 | Jamie J. McKey |
| Wilmington, DE 19801 | Texas Bar No. 24045262 |
| Telephone: (302) 295-5310 | jmckey@kendalllawgroup.com |
| Facsimile: (302) 654-7530 | 3232 McKinney Avenue, Suite 700 |
| | Dallas, TX 75204 |
| **RM LAW, P.C.** | Telephone: (214) 744-3000 |
| 1055 Westlakes Drive, Suite 300 | Facsimile: (214) 744-3015 |
| Berwyn, PA 19312 | |
| Telephone: (484) 324-6800 | *Attorneys for Plaintiff* |
| Facsimile: (484) 631-1305 | |